IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HEATHER LEVY, Individually | ) |
| and | ) |
| Heather Levy, as Mother and Next Friend of YUYAH HECTOR LEVY | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 8:15-cv-01611 |
| AUSLANDER CORPORATION<br>50 Emerald Lane<br>Old Bridge, NJ 08857 | ) |
| and | ) |
| KAZIMIERZ MARZEC<br>2 Luther Drive<br>Palm Coast, FL  32137 | ) |
| Defendants. | ) |

## PLAINTIFFS' COMBINED MOTION AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs, Heather Levy and Yuyah Levy-Hector (collectively "Plaintiffs"), by counsel, hereby move this court for leave file this response and for leave to file an amended Complaint and all in response to the Motion to Dismiss filed by counsel for Defendants.  This response was delayed because of a docketing error which upon discovery, was disclosed to opposing counsel and to the court and Defendants' counsel have collegially consented to this Motion.  Plaintiffs

provide the following brief opposition to provide background on the parties and claims and to correct mischaracterizations of Plaintiffs' claims.

Discussion

Awareness Of Use Plaintiffs and Expectation of Their Claims. Prior to the initiation of the present action, Plaintiff Heather Levy was contacted by the personal injury lawyer Stuart Lipshutz who advised that he and his firm would be representing the Hector family. At Ms. Levy's instruction, Mr. Lipshutz was advised that for a variety of personal, family and legal reasons, Ms. Levy did not seek to join the Hector family in making that claim. It was counsel's understanding that Mr. Lipshutz would be soon be bringing a formal claim and representing both Mr. Hector's estate and other Hector family members. It was anticipated that such an action would have been filed by this time and this case consolidated with that action.

Plaintiffs will ascertain the current status of Mr. Lipshutz's representation and the Amended Complaint will properly identify and name the use plaintiffs. Notably, upon information and belief, it was Mr. Lipshutz who contacted the Auscor Defendants immediately after the accident (see Motion to Dismiss at footnote 4, page 13). This bears on standing and is referenced because there is in fact no 'wife' of Mr. Hector. Mr. Hector fathered five children, his offspring were born to three different mothers and Mr. Hector never married nor did he formally recognize any of those three women as his wife. Upon information and belief, only Plaintiff Heather Levy, and as part of her seeking support from Mr. Hector for their son, secured a legal determination that Mr. Hector is in fact the father of YuYah Levy Hector. The Amended Complaint will address this fact of YuYah's legal standing and the court is also requested to take judicial notice of the 2012 Maryland Domestic Relations case of <u>Hector v. Levy</u> (Montgomery

County Circuit Court, Judge Savage, Case No. FL 74442).  That case was commenced by Mr. Hector seeking a determination of sole legal custody over YuYah Hector Levy when the boy was approximately six years old.  In that case, Judge Savage and the Rockville Circuit Court appointed a *guardian ad litem* for YuYah Levy Hector and the court, in a detailed and reasoned opinion, made key factual facts including an order that Mr. Hector to pay child support and provide other care, support and benefits to his son YuYah.  The Amended Complaint will include these facts and this is all mentioned because YuYah Levy Hector is the only minor child of Mr. Hector and he has suffered the most as a result of Mr. Hector's death.  The four other children of Mr. Hector are all emancipated adults and Plaintiff YuYah Levy Hector was the most emotionally and economically dependent upon Mr. Hector.

Plaintiff Amended Complaint will establish that YuYah Levy Hector H. is Mr. Hector's child, a Primary Beneficiary and a proper claimant under Maryland law.  Plaintiff will establish pursuant to the provisions of Section 1-208 of the Estates and Trusts Article, that Mr. Hector had 1) acknowledged in writing that Y.L.H. was his child (See subsection 1-208(b)(2)) and had openly and notoriously recognized Y.L.H. to be his child (See subsection 1-208(b)(3)).   will examine the records in, and for purposes of this motion, asks this court to take judicial notice of, Upon information and belief, Judge Savage's rulings in that case included determinations of, or acceptance of admissions that, YuYah Levy Hector was the child in fact of Mr. Hector.   For purposes of the pending motion, these court dockets are judicially noticeable.  See Fed. R. Evid.  201, 803(8)(A)(i), 902(5).

Finally, Plaintiff's will amend Count V which is directed to Defendant Auslander Corporation's design and ongoing operation in interstate commerce of an unreasonably unsafe business model.  The Auscor trucking business model shifts **all** risk of economic loss and

physical harm from Auslander to the public and to the Auscor drivers.  It is an inherently unsafe business practice because, when taken as a totality and when considered in light of other conditions of employment, such as the company's 3,000+ miles per week driver goals, it creates an undue and unsafe incentive for drivers to exceed legal hourly driving limits in order to stay behind the wheel in order to be paid.  This business model simply compels the drivers to spend an unsafe number of hours behind the wheel and the business model provides no incentive whatsoever for driver's to rest and be safe.

Standard of Review and Discussion

Defendant's well state the applicable legal standard in their memorandum and Plaintiff seeks leave to amend its Complaint.  This request should be granted and only when a court finds: 1) that a prejudice would be worked upon the other party, 2) where there is evidence of bad faith by the movant, or 3) where granting leave to amend would be futile, should this court deny leave to amend.  "The court should freely give leave when justice so requires," *id.*, and should deny leave to amend only if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility," *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that the court also may deny leave if the plaintiff has amended more than once already without curing the deficiencies in the complaint); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  In amending, plaintiff advises that it will amend promptly (filing on or before October 9, 2015) and will reexamine the negligent entrustment claim as to narrow this action accordingly.  As to the other claims, Plaintiff submits that it can resolve most of the challenges and can do so promptly.  Plaintiff submits this is equitable and presents no material delay or harm.  In Foman v. Davis the court held that "Delay alone . . . is an insufficient reason

to deny the plaintiff's motion to amend" and finding that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief" and the plaintiff moves to amend, the Court should grant the motion to give the plaintiff "opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

Plaintiffs respectfully ask for that opportunity and in the instant case, Plaintiffs have been patient with the Defendants having filed this action in June of 2015, then waiting while Defendants 1) considered requests for waiver of formal service, and 2) transferred responsibility for this case from the carrier's in-house legal counsel to the current defense counsel. Plaintiffs have included a draft order under which an Amended Complaint will be filed on or before October 9, 2015.

                                          Respectfully Submitted,

                                          /s/ James A. Powers
                                          James A. Powers, Esq.
                                          Federal Bar No. 07502
                                          Counsel to Plaintiffs
                                          Law Offices of James A. Powers
                                          6808 Brennon Lane
                                          Chevy Chase, MD  20815
                                          P301-915-8088/F866-472-4753
                                          jpowers@data-rights.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|   |   |   |
|---|---|---|
| _____ | ) | |
| HEATHER LEVY, Individually | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Heather Levy, as Mother and Next Friend of | ) | |
| YUYAH HECTOR LEVY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 8:15-cv-01611 |
| AUSLANDER CORPORATION | ) | |
| 50 Emerald Lane | ) | |
| Old Bridge, NJ 08857 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KAZIMIERZ MARZEC | ) | |
| 2 Luther Drive | ) | |
| Palm Coast, FL  32137 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER**

Upon consideration of Defendants Auslander Corporation's and Kazimierz Marzec's Motion to Dismiss and Plaintiffs' Combined Motion and Opposition thereto, it is on this _____ day of September 2015, hereby

ORDERED, that the Motion to Dismiss is DENIED;

ORDERED, that Plaintiff's Combined Consent Motion for Leave to Oppose and For Leave to Amend its Complaint is GRANTED; and

ORDERED, that Plaintiff shall file on or before October 9, 2015 an Amended Complaint.

_____
Judge,
United States District Court for the District of Maryland