IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| HEATHER LEVY, et al. | |
| | : |
| | |
| v. | :   Civil Action No. DKC 15-1611 |
| | |
| | : |
| AUSLANDER CORPORATION, et al. | |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to dismiss voluntarily without prejudice filed by Plaintiffs Heather Levy and Y.H. (collectively, the "Plaintiffs").[1]  (ECF No. 12).  Also pending is a motion to dismiss filed by Defendants Auslander Corporation and Kazimierz Marzec (collectively the "Defendants").  (ECF No. 7).  The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Plaintiffs' motion to dismiss voluntarily without prejudice will be granted.  Defendants' motion to dismiss will be denied as moot.

**I.  Background**

Plaintiffs commenced this action on June 3, 2015, by filing a complaint against Defendants alleging negligence, wrongful

_____

[1] In their motion, Plaintiffs refer to Plaintiff Y.H. by his full name.  Per this court's privacy policy, names of minor children should be redacted and replaced with their initials.

death, negligent entrustment, and public nuisance.  (ECF No. 1).

On August 18, Defendants filed a motion to dismiss for failure

to state a claim.  (ECF No. 7).  On September 22, Plaintiffs

moved for leave to file an amended complaint.  (ECF No. 9).

Plaintiffs' motion was styled as a response to Defendants'

motion to dismiss and did not include an amended complaint or an

adequate discussion of the proposed amendments.  After

Defendants replied (ECF No. 10), the court issued an order

directing Plaintiffs to show cause why the complaint should not

be dismissed (ECF No. 11).  On November 21, in response to the

court's order, Plaintiffs filed a motion to dismiss the

complaint voluntarily without prejudice.  (ECF No. 12).

Defendants responded in opposition, requesting that all claims

other than Y.H.'s wrongful death claim be dismissed with

prejudice.  (ECF No. 13).

## II. Analysis

Fed.R.Civ.P. 41(a)(2) allows for dismissal by court order

after the opposing party has served either an answer or

dispositive motion and without consent of all parties who have

appeared.[2]  It provides that "an action may be dismissed at the

---

[2] Rule 41(a)(1) allows a plaintiff to dismiss an action
voluntarily without prejudice and without a court order by
filing "a notice of dismissal before the opposing party serves
either an answer or a motion for summary judgment."  Defendants
have not filed an answer or a motion for summary judgment.
Therefore, a court order may not be necessary.  However, because

plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2).   The purpose of Rule 41(a)(2) is "to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted).   The decision to grant or deny a voluntary dismissal under Rule 41(a)(2) "is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion." *Id.* (citations omitted).

The "district court's assessment of the propriety of allowing a Rule 41(a)(2) dismissal" involves a "non-exclusive, multi-factor test." *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D.Md. 2004).   The factors are: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Id.*   Potential prejudice to the nonmoving party is a key factor, but the United States Court of Appeals for the Fourth Circuit has recognized that "[its] jurisprudence on the issue of what constitutes sufficient prejudice to a nonmovant to support denial of a motion for voluntary dismissal

---

Plaintiffs filed the pending motion in response to the court's order to show cause, the court will consider the motion under Rule 41(a)(2).

under Rule 41(a)(2) is not free from ambiguity." *Howard v. Inova Health Care Servs.*, 302 F.App'x 166, 179 (4th Cir. 2008).

Defendants argue that dismissing without prejudice is inappropriate because "[t]he claims are substantively without merit" and "Defendants would be prejudiced greatly" because the "Motion to Dismiss has already been fully briefed at considerable time and expense." (ECF No. 13, at 2). Defendants' arguments do not justify denying Plaintiffs' motion to dismiss without prejudice. As the Fourth Circuit noted in *Howard*, courts often grant motions to dismiss voluntarily without prejudice even after a case has progressed to summary judgment or beyond. *See Howard*, 302 F.App'x at 179-80. This case is still in the relatively early motion to dismiss stage. The parties have not taken discovery and no scheduling order has been issued. Defendants have not shown that they have expended extensive time or incurred great expense outside the preparation of the motion to dismiss. Accordingly, Defendants have not shown prejudice sufficient to warrant denial of Plaintiffs' motion.

Moreover, there is no indication that Plaintiffs have excessively delayed or are attempting gamesmanship with their motion. Rather, Plaintiffs assert that they move to dismiss without prejudice to join a state court action filed by the estate of the decedent. (ECF No. 12, at 1-2). Plaintiffs aver

4

that they filed the pending motion two weeks after learning of the related state court suit. (*Id.* at 2). Granting Plaintiffs' motion to allow them to join the state court action promotes judicial efficiency. *See Lang v. Mfrs. & Traders Trust Co.*, 274 F.R.D. 175, 183 (D.Md. 2011) (granting the plaintiffs' motion to dismiss voluntarily without prejudice in part because the plaintiffs were seeking to litigate the entire case together in state court). Considering the applicable factors, Plaintiffs' motion for voluntary dismissal without prejudice will be granted.

## III. Conclusion

For the foregoing reasons, the motion to dismiss without prejudice filed by Plaintiffs will be granted. The motion to dismiss filed by Defendants will be denied as moot. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
